IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TERRY SMITH,

Plaintiff,

v.

Civil Action No.
9:05-CV-0968 (GLS/DEP)

BEZALEL WURZBERGER,

Defendant.

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF:

TERRY SMITH, *pro se*

FOR DEFENDANT:

HON. ANDREW M. CUOMO
Office of Attorney General
State of New York
The Capitol
Albany, NY 12224

MICHAEL G. McCARTIN, ESQ.
Assistant Attorney General

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Terry Smith, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. In his

complaint, plaintiff asserts a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, based upon the failure of the defendant, a psychiatrist employed by the New York State Office of Mental Health ("OMH"), to renew prescriptions for Paxil and Seroquel, two medications previously administered in the prison setting to address plaintiff's mental health condition. Plaintiff maintains that as a result of that failure he was denied medication necessary to address his psychiatric needs for a period of ten days, during which he engaged in violent conduct and attempted to commit suicide. As relief, plaintiff seeks recovery of compensatory damages for mental anguish and emotional distress in the amount of two million dollars.

Currently pending before the court is a motion filed by the defendant seeking the entry of summary judgment dismissing plaintiff's deliberate indifference cause of action, both as lacking in palpable merit and on the ground of qualified immunity. Having carefully reviewed the record in light of defendant's motion, which plaintiff has opposed, I find that the alleged failure of the defendant to provide Smith with requested medication over a ten day period does not rise to a level of constitutional significance necessary to support a claim under section 1983, and in any event that in

light of the circumstances, including the fact that defendant's refusal to issue the prescription renewal was based on defendant's belief that plaintiff had refused to participate in a scheduled appointment with him, defendant is entitled to qualified immunity.

## I. BACKGROUND[1]

At the times relevant to his claims, plaintiff was a prison inmate entrusted to the custody of the New York State Department of Correctional Services (the "DOCS"), and designated to the Upstate Correctional Facility ("Upstate"), located in Malone, New York. *See* generally Complaint (Dkt. No. 1); *see also* McCartin Decl. (Dkt. No. 28-8) Exh. A (Transcript of plaintiff's deposition, conducted on September 5, 2006) at 47. Upstate is a maximum security prison comprised exclusively of special housing unit ("SHU") cells in which inmates are confined, generally though not always for disciplinary reasons, for twenty-three hours each day. *See Samuels v. Selsky*, No. 01 CIV. 8235, 2002 WL 31040370, at *4 n.11 (S.D.N.Y. Sept. 12, 2002). While at Upstate, plaintiff was assigned to a two person cell. McCartin Decl. (Dkt. No. 28-8) Exh. A at 74.

---

[1] In light of the procedural posture of this case, the following recitation is drawn from the record now before the court, with all inferences drawn, and ambiguities resolved, in favor of the plaintiff. *See Wells-Williams v. Kingsboro Psychiatric Ctr.*, No. 03-CV-134, 2007 WL 1011545, at *2 (E.D.N.Y. Mar. 30, 2007) (citations omitted).

While a DOCS inmate, plaintiff has been receiving care and treatment for a mental impairment attributed by him to an automobile accident which occurred in 1997, causing him to suffer significant head injuries. Complaint (Dkt. No. 1) Attachment at 5; McCartin Decl. (Dkt. No. 28-8) Exh. A at 6-7. Included as part of the treatment regimen for that condition has been the use of medications, including Paxil, a drug generally prescribed to address depression, social anxiety disorder, panic disorder and premenstrual dysphoric disorder, and Seroquel, an anti-psychotic drug which alters the actions of chemicals in the brain. McCartin Decl. (Dkt. No. 28-8) Exh. A at 6-7; *see also* Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 4-5 and Exh. A. As part of his treatment while in DOCS custody, plaintiff has been seen by OMH psychiatrists on a monthly basis, utilizing a TeleMed videoconferencing system. McCartin Decl. (Dkt. No. 28-8) Exh. A at 42.

On December 8, 2004 plaintiff was scheduled to participate in a TeleMed system visit with Dr. Bezalel Wurzberger, M.D., a board-certified psychiatrist and neurologist employed by the OMH. Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 6-8. That scheduled visit did not occur, however, based upon circumstances over which the parties differ. *Id.*; McCartin Decl. (Dkt.

No. 28-8) Exh. A at 40-42. Dr. Wurzberger was informed by prison officials that the plaintiff had refused a call out for purposes of the scheduled video conference evaluation. Wurzberger Decl. (Dkt. No. 28-2) ¶ 7 and Exh. B. Plaintiff, on the other hand, maintains that he in fact went to the facility's visiting room for the purpose of participating in the scheduled TeleMed visit, but that after waiting there for approximately two hours without it having been held, he was returned to his cell.[2] McCartin

---

[2] In his reply, defendant appears to assert that by failing to properly respond in opposition to defendant's Local Rule 7.1(a)(3) Statement, in which he sets forth the material facts claimed not to be in issue, plaintiff has admitted his refusal to attend the scheduled December 8, 2004 session with Dr. Wurzberger. *See* Defendants' Reply (Dkt. No. 30). It is true, as defendant argues, that plaintiff did technically fail to respond properly to defendant's motion by admitting or denying the specific allegations of his Local Rule 7.1(a)(3) Statement, and that the failure has potentially significant consequences, permitting the court to find that the facts contained within it are deemed to have been admitted. N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted *any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert*.") (emphasis in original); *see also Elgamil v. Syracuse Univ.,* No. 99-CV-611, 2000 WL 1264122, at *1 (N.D.N.Y. Aug. 22, 2000) (McCurn, S.J.) (listing cases). Defendant's Local Rule 7.1(a)(3) Statement, however, does not directly assert that plaintiff refused to attend the scheduled meeting; instead, it simply avers that "Dr. Wurzberger was informed on December 8, 2004 that the plaintiff 'refused' to attend his TeleMed visit. . . ." Defendant's Local Rule 7.1(a)(3) Statement (Dkt. No. 28-10) ¶ 7.

It should be noted that while in his opposing papers plaintiff asserts that he did not refuse to attend the session with Dr. Wurzberger and indeed complied with a request to go to the facility visiting room for that purpose, and has somewhat persuasively pointed out that his alleged failure to participate on that date is not documented by either a signed refusal sheet or a misbehavior report alleging his refusal, his opposition papers are not sworn, and therefore lack evidentiary value. *See, e.g., Trotman v. Grand Cent. P'ship, Inc.*, No. 06 Civ. 15450, 2007 WL 2847191, at *1 (S.D.N.Y. Oct. 1, 2007). In his deposition, taken under oath, however, plaintiff recited the same facts, *see* McCartin Decl. (Dkt. No. 28-8) at Exh. A at 40-42, thereby sufficing to establish an issue of fact as to whether that refusal did indeed occur. As will be seen, this fact nonetheless is not material, and thus does not preclude the entry of summary judgment as now sought by the

Decl. (Dkt. No. 28-8) Exh. A at 40-42; *see also* Wurzberger Decl. (Dkt. No. 28-2) Exh. D.

After having been informed that plaintiff had refused to participate in the scheduled December 8, 2004 TeleMed system visit, Dr. Wurzberger decided in his professional judgment that it would be imprudent to renew plaintiff's prescriptions for Paxil and Seroquel. Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 16-17. In accordance with the custom and practice within the DOCS, a follow-up conference was scheduled for plaintiff, also to be held via TeleMed with Dr. Wurzberger, for December 22, 2004 in light of his earlier refusal. Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 9-10. Following that second conference, Dr. Wurzberger renewed plaintiff's Paxil and Seroquel prescriptions. [3] *Id.* ¶¶ 10, 20.

During the interval when he was without his medications, plaintiff was evaluated by Kathy Baumgardener, a Social Worker II, on three separate occasions, including on December 15, 2004, December 20, 2004, and December 21, 2004. Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 13-14 and Exhs. D and E; *see also* McCartin Decl. (Dkt. No. 28-8) Exh. A at

defendant.

[3] While issued on December 22, 2004, plaintiff's prescription was not filled at Upstate until two days later, a matter over which the defendant had no control. Wurzberger Decl. (Dkt. No. 28-2) ¶ 20.

50-61. During those visits plaintiff denied experiencing suicidal or homicidal ideations, and reported to Ms. Baumgardener that he did not want further treatment, either through being placed in an observation cell so that his mental health could be more closely monitored or otherwise. *Id.* During that same time period, plaintiff became involved in an altercation with his cell mate on December 22, 2004, in the course of which he reportedly attempted to strangle his roommate with a sheet, and additionally tried to hang himself. Complaint (Dkt. No. 1) Attachment at 3; McCartin Decl. (Dkt. No. 28-8) at 60-63.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on August 2, 2005. Dkt. No. 1. Plaintiff's complaint names OMH Psychiatrist Dr. Wurzberger as the sole defendant, and asserts a single cause of action for deliberate medical indifference, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.*

Following the joinder of issue and pretrial discovery, which included the taking of plaintiff's deposition, defendant moved on March 16, 2007 for summary judgment dismissing plaintiff's complaint. Dkt. No. 28. In his motion, defendant asserts that plaintiff's Eighth Amendment claim is

deficient as a matter of law, and that in any event he is entitled to qualified immunity under the circumstances presented. *Id.* On March 28, 2007 a response submitted by the plaintiff in opposition to defendant's motion was filed with the court. Dkt. No. 31. Defendant has since submitted a letter in reply to plaintiff's opposition papers and in further support of his summary judgment motion. Dkt. No. 30.

Defendant's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c); *see also* Fed. R. Civ. P. 72(b).

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material", for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*,

477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

B. Merits of Plaintiff's Eighth Amendment Claim

The focus of plaintiff's complaint is his claim that by not renewing his longstanding prescriptions for Paxil and Seroquel, resulting in plaintiff not receiving that medication between December 15, and 24, 2004, Dr.

Wurzberger was deliberately indifferent to his serious medical needs. Responding that plaintiff's complaint fails to assert a deprivation arising to a level of constitutional significance, defendant urges dismissal of plaintiff's medical indifference claim against Dr. Wurzberger.

Claims brought by prison inmates alleging constitution violations arising in connection with their medical treatment are analyzed generally under the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102, 104, 97 S. Ct. 285, 290, 291 (1976); *see also Whitley v. Albers,* 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia*, *Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement; thus the conditions of an inmate's confinement are subject to Eighth Amendment scrutiny. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981)).

A claim alleging that prison conditions violate the Eighth Amendment

must satisfy both an objective and subjective requirement – the conditions must be "sufficiently serious" from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with "deliberate indifference." *See Leach v. Dufrain,* 103 F. Supp. 2d 542, 546 (N.D.N.Y. 2000) (Kahn, J.) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)); *Waldo v. Goord,* No. 97-CV-1385, 1998 WL 713809, at *2 (N.D.N.Y. Oct. 1, 1998) (Kahn, J. and Homer, M.J.); *see also, generally, Wilson*, 501 U.S. 294, 111 S. Ct. 2321. Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1978; *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2 (same).

In order to state a medical indifference claim under the Eighth Amendment, a plaintiff must allege a deprivation involving a medical need which is, in objective terms, "'sufficiently serious'". *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citing *Wilson*, 501 U.S. at 298, 111 S. Ct. at 2324), *cert. denied sub nom.*, *Foote v. Hathaway*, 513 U.S. 1154, 115 S. Ct. 1108 (1995). A medical need is serious for constitutional purposes if it

presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain'." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations omitted). A serious medical need can also exist where "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'"; since medical conditions vary in severity, a decision to leave a condition untreated may or may not be unconstitutional, depending on the facts. *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (quoting, *inter alia*, *Chance*). Relevant factors informing this determination include injury that a "'reasonable doctor or patient would find important and worthy of comment or treatment'", a condition that "'significantly affects'" a prisoner's daily activities, or causes "'chronic and substantial pain.'" *Chance*, 43 F.3d at 701 (citation omitted); *LaFave v. Clinton County*, No. CIV. 9:00CV774, 2002 WL 31309244, at *2-*3 (N.D.N.Y. Apr. 3, 2002) (Sharpe, M.J.).

Deliberate indifference, in a constitutional sense, exists if an official knows of and disregards an excessive risk to inmate health or safety; the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979; *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer*); *Waldo*, 1998 WL 713809, at *2

(same).

1. Serious Medical Need

Bypassing any discussion regarding whether plaintiff's mental condition represents a serious medical need, defendant argues that in any event his actions did not rise to a level sufficient to support a claim that he was deliberately indifferent to any such need. However skeptical the court may be, based upon the present record, that the plaintiff can establish the existence of a condition of the requisite urgency, resulting in degeneration or extreme pain, like the defendant I too will assume the existence of such a serious medical need for purposes of the pending motion.

2. Deliberate Indifference

Conspicuously lacking in this case is evidence that the defendant, a licensed practicing psychiatrist, both knew of and consciously disregarded an excessive risk to the plaintiff's health or safety resulting from the failure to provide medication for his condition over the brief period following the failed December 8, 2004 TeleMed conference until the next conference could be scheduled some two weeks later. Plaintiff does not assert that the prescription for Paxil and/or Seroquel were intended to improve his condition, as distinct from maintaining stability, and the record is lacking in

any evidence from which a reasonable factfinder could conclude that the failure to provide that medication over an approximately ten day period resulted in a "a condition of urgency that may result in degeneration or extreme pain" or that irreversible deterioration of the plaintiff's mental condition occurred during that period.

The record firmly establishes, without contradiction, that Dr. Wurzberger was under the impression from prison officials that plaintiff had refused to participate in a TeleMed visit on December 8, 2004, and that this refusal provided the sole basis for his decision not to renew the prescriptions pending a further visit with the plaintiff, in the exercise of his professional medical judgment. During the intervening time period, plaintiff was personally examined on three separate occasions by a social worker employed by the DOCS and/or the OMH. Given these circumstances, established without contradiction, I conclude that no factfinder could determine that the defendant was deliberately indifferent to any serious medical need of the plaintiff, and thus recommend dismissal of plaintiff's claim on the merits, as a matter of law.

C. Qualified Immunity

As an alternative ground for seeking dismissal of plaintiff's claim, defendant asserts entitlement to qualified immunity from suit.

Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) (citations omitted). Accordingly, governmental officials sued for damages "are entitled to qualified immunity if 1) their actions did not violate clearly established law, or 2) it was objectively reasonable for them to believe that their actions did not violate such law." *Warren v. Keane,* 196 F.3d 330, 332 (2d Cir. 1999) (citing *Salim v. Proulx,* 93 F.3d 86, 89 (2d Cir. 1996)); *see also Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007). The law of qualified immunity seeks to strike a balance between overexposure by government officials to suits for violations based upon abstract rights and an unduly narrow view which would insulate them from liability in connection with virtually all discretionary decisions. *Locurto v. Safir*, 264 F.3d 154, 162-63 (2d Cir. 2001); *Warren*, 196 F.3d at 332. As the Second Circuit has observed,

> [q]ualified immunity serves important interests in our political system, chief among them to ensure that damages suits do not unduly inhibit officials in the discharge of their duties by saddling individual officers with personal monetary liability and

harassing litigation.

*Provost v. City of Newburgh*, 262 F.3d 146, 160 (2d Cir. 2001) (internal quotations omitted) (citing, *inter alia*, *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 456 F.2d 1339, 1348 (2d Cir. 1972)).

Qualified immunity analysis involves a three step inquiry. *Harhay v. Town of Ellington Bd. of Educ.,* 323 F.3d 206, 211 (2d Cir. 2003). As a threshold matter it must first be determined whether, based upon the facts alleged, plaintiff has facially established a constitutional violation. *Id.*; *Gilles v. Repicky*, 511 F.3d 239, 243-44 (2d Cir. 2007). If the answer to this inquiry is in the affirmative, the court must then turn its focus to whether the right in issue was clearly established at the time of the alleged violation. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 2156 (2001)); *see also Poe v. Leonard*, 282 F.3d 123, 132-33 (2d Cir. 2002). Finally, if the plaintiff had a clearly established, constitutionally protected right that was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his action did not violate such law. *Harhay*, 323 F.3d at 211; *Poe*, 282 F.3d at 133 (quoting *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (quoting, in turn, *Salim*, 93 F.3d at 89)).

Even assuming that the record now before the court can be construed to support an otherwise cognizable claim of deliberate indifference, I conclude that defendant is entitled to qualified immunity. In a declaration submitted in support of his summary judgment motion, defendant notes that in his professional judgment, it would have been imprudent to renew plaintiff's prescription for Paxil and Seroquel without first seeing the patient, further observing that the result in this instance is no different than if the plaintiff had not been an incarcerated inmate but instead a patient who failed to appear for a scheduled visit, and that his conduct was consistent with accepted medical practice. Dr. Wurzberger also stated he was aware that a follow-up TeleMed visit would be scheduled to determine the inmate's medical needs, following the failed December 8, 2004 conference, as in fact was the case in this instance. Under these circumstances, I recommend a finding that it was not objectively unreasonable for Dr. Wurzberger to believe that his actions did not violate plaintiff's Eighth Amendment rights, and that he is therefore entitled to qualified immunity from suit in this case. *See* Wurzberger Decl. (Dkt. No. 28-2) ¶¶ 16-17.

## IV. SUMMARY AND RECOMMENDATION

This action concerns a medical deprivation of limited duration and

magnitude, addressing a failure of the defendant, a licensed psychiatrist, to renew the plaintiff's prescription for two medications based upon what the defendant understood to be plaintiff's refusal to participate in a scheduled visit with him, to be held by teleconference. As a result of that failure plaintiff was without his prescribed medication for a period of approximately ten days, during which his circumstances were monitored by visits from a social worker on three separate occasions. Under the circumstances I recommend a finding that no reasonable factfinder could conclude that defendant was deliberately indifferent to plaintiff's serious medical needs, and that in any event, Dr. Wurzberger is entitled to qualified immunity from suit. It is therefore

RECOMMENDED that defendant's motion for summary judgment (Dkt. No. 28) be GRANTED, and that plaintiff's complaint be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within TEN days. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

Dated: March 27, 2008
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge